## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

INSLEY EVANS, SR.,

      Plaintiff,

v.                                                                                          No. 1:25-cv-00943-SMD-JFR

NAVAJO NATION,
NAVAJO NATION POLICE DEPARTMENT, and
INDIAN HEALTH SERVICES,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

*Pro se* Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1, filed September 29, 2025 ("Complaint"). Where the form Complaint prompts plaintiffs to provide facts supporting their claims, Plaintiff wrote "See Attached Exhibits." There are no exhibits attached to the Complaint.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff:

(i)     The Complaint fails to state a claim upon which relief can be granted because there are no factual allegations in the Complaint describing what each Defendant did to Plaintiff;

(ii)    It does not appear that the Court has jurisdiction over Plaintiff's claims against the Navajo Nation and the Navajo Nation Police Department due to tribal sovereign immunity; and

(iii)   It appears the Court does not have jurisdiction over Plaintiff's claims against Defendant Indian Health Services which is a federal agency due to the Federal Government's sovereign immunity.

*See* Order to Show Cause at 2-3, Doc. 5, filed October 1, 2025.  Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint.  *See* Order to Show Cause at 6 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).  Plaintiff did not show cause or file an amended complaint by the October 22, 2025, deadline.

The Court dismisses this case without prejudice because the Complaint fails to state a claim upon which relief can be granted and Plaintiff has not complied with Judge Robbenhaar's Order to file an amended complaint.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Plaintiff filed a Motion for Order to Show Cause (Wrongful Arrest) along with a proposed temporary custody order.  *See* Doc. 6 at 1, 3, filed October 15, 2025 ("Motion").  Because it is dismissing this case, the Court denies Plaintiff's Motion.

**IT IS ORDERED** that:

(i)    This case is **DISMISSED without prejudice.**

(ii)    Plaintiff's Motion, Doc. 6, filed October 15, 2025, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**